## MARY HUNTER *versus* THOMAS BOUCHER.

Where a husband turns away his wife for the cause of her adultery, he is not liable on her contracts made with persons having notice that he has discarded her.

Whether the want of such notice, or a divorce refused on the ground of like criminality on the part of the husband, would make any difference, *quære*.

ASSUMPSIT.   In a case stated the following facts were agreed.   The plaintiff was the mother of Catherine Boucher, who at the time of the commencement of this action was the wife of the defendant and who had lived with him as such until the spring of 1824, when he caused her to be committed to gaol on a complaint against her for adultery.   She was convicted of that crime, and remained in prison under sentence of court until the autumn of the same year.   In the mean time the defendant had let his house, and had gone to live at board, but had retained one room in which his furniture was locked up.   He was occasionally at his house both before and after the expiration of the sentence against his wife.   Upon her release from prison she went to her mother's in Freetown, and lived there to the time of the commencement of this action, which was brought for her board.   During this period the defendant boarded in the village of New Bedford, about three quarters of a mile from his house, and another family lived in the house.   The defendant made no provision for the support of his wife, nor offered to do so, during this period, nor did she ever request him to do it, or ever return to New Bedford ; but he advertised in the New Bedford Mercury, forbidding all persons to trust her on his account.   Since the action was commenced the defendant had obtained a divorce for adultery.

*Bacon*, in support of the action, said that the wife here did not elope, and therefore it was not necessary for her to offer to return.   Reeve's Dom. Rel. 81 *et seq.* ; *Norton* v. *Fazan*, 1 Bos. & Pul. 226.   The English doctrine in cases of this kind is repugnant to our statute, which provides that a divorce shall not be granted for adultery where both parties have been guilty.   It could not have been the intention of the legislature to exempt the husband in such case from being liable to maintain his wife, for that would be throwing the whole penalty upon

Hunter
*v.*
Boucher

the wife. It would be absurd to refuse a divorce, if the husband were no longer bound for her support. If a husband turns away his wife, he is liable for necessaries furnished her. In regard to the advertisement, he cited *M'Cutchen* v. *M'Gahay*, 11 Johns. R. 281

*L. Williams*, contrà, referred to *Morris* v. *Martin*, 1 Str. 647 ; *Manwairing* v. *Sands*, ibid. 706 ; 1 Bac. Abr. 488, *Baron &c., H ; Govier* v. *Hancock*, 6 T. R. 603 ; *Cox* v *Kitchin*, 1 Bos. & Pul. 338 ; *M'Gahay* v. *Williams*, 12 Johns. R. 293 ; and *M'Cutchen* v. *M'Gahay*, before cited.

*Nov.* 18th.

PARKER C. J. delivered the opinion of the Court. It is admitted by the counsel for the plaintiff, that by the common law, as settled by the cases cited, this action cannot be maintained. And it is very clear from those authorities, that where the wife has eloped or left the husband, having committed adultery, the husband is not answerable for necessaries furnished ; and this without notice to the persons who furnished them, for the very fact of separation is enough to put persons upon their guard, and to require them to ascertain the cause of separation,[1] whether from cruelty of the husband, in which case he is answerable, or from the crime of the wife, when he is not.

But it is suggested, that because by our statute a husband who has committed adultery himself cannot obtain a divorce on the ground of adultery committed by the wife, and as in England there can be no recrimination by which the liability of the husband will be affected, the whole law on the subject here is different from the law in England. This however does not follow. If it had appeared that a divorce had been refused on the ground of a similar crime in the husband, perhaps the distinction would apply. But the general rule is the same here as there, *viz.* that a wife who is turned away from the house by the husband for the cause of adultery, she having committed that offence, does not carry with her credit upon the husband.[2]

---

[1] *Mainwaring* v. *Leslie*, 2 Carr. & Payne, 507 ; *Hindley* v. *Westmeath*, 6 Barn. & Cressw. 200. See *Kimball* v. *Keyes*, 11 Wendell 33.

[2] 2 Kent's Comm. (2nd ed.) 147. See *Rex* v. *Flintan*, 1 Barn & Adol. 227.

The circumstances of this case preclude the necessity of determining the point of notice, whether requisite or not. The wife had been in gaol on a complaint for adultery, had been convicted, and afterwards went to her mother's house. This is such notoriety as will charge the plaintiff with knowledge, if that be necessary.

*Plaintiff nonsuit.*